UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**KIMBERLY WILDT**
W2671 Zurfluh Rd.
Albany, WI 53502

    Plaintiff,

              Case No. __20-cv-315__

vs.

**THE LINCOLN NATIONAL LIFE**
**INSURANCE COMPANY**
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

    Defendant.

## COMPLAINT

The Plaintiff, Kimberly Wildt, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Albany, Wisconsin.

2. Defendant, The Lincoln National Life Insurance Company, on information and belief, is a corporation organized under the laws of the State of Indiana, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a long-term disability insurance plan for Group Health Cooperative ("the Plan"), an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, that has been in effect since at least November 2015 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former Care Team Specialist/Licensed Practical Nurse for Group Health Cooperative.

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the Plan.

10. Plaintiff ceased working on November 19, 2015 due to Myalgic Encephalomyelitis.

11. Defendant was responsible for determining whether Plaintiff was eligible for LTDI benefits.

12. Defendant was responsible for paying Plaintiff's LTDI benefits.

13. Defendant approved Plaintiff's claim for LTDI benefits through February 17, 2019.

14. Plaintiff's gross LTDI benefit is worth $1,609.28 per month.

15. Plaintiff has been awarded SSDI benefits.

16. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for LTDI benefits.

17. After Plaintiff was awarded SSDI benefits, Defendant offset Plaintiff's LTDI benefit by $1,527.00 per month. As such, Plaintiff was entitled to the minimum monthly amount of 10% of her monthly benefit which is $160.93 per month.

18. Defendant denied Plaintiff's LTDI benefits claim beyond February 17, 2019.

19. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

20. As part of her appeal, Plaintiff submitted a vocational evaluation that concluded she is completely disabled and is not capable of performing the main duties of any occupation.

21. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

22. Plaintiff submitted all information requested by the Defendant.

23. Defendant failed to consider the issues raised in Plaintiff's appeal.

24. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

25. Defendant did not perform a "full and fair review" of Plaintiff's claim.

26. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

27. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

28. Defendant failed to engage in a meaningful dialogue with Plaintiff.

29. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

30. Defendant conducted a selective review of Plaintiff's medical records.

31. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

32. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

33. At all times material to this case, the Plan has remained in full force and effect.

34. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

35. The preceding paragraphs are reincorporated by reference as though set forth here in full.

36. Plaintiff has been and remains disabled, as that term is defined by the Plan.

37. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is arbitrary and capricious as the Plan has granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

38. Defendant arbitrarily and capriciously denied Plaintiff benefits.

39. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

40.     Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

41.     As both the payer of claims and the adjudicator of claim eligibility, Defendant has an inherent conflict of interest.

42.     The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTDI benefits. As such, Defendant relied on Plaintiff's SSDI award in instances when it benefited Defendant but unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTDI benefits.

43.     Defendant's denial of Plaintiff's LTDI benefits was "downright unreasonable."

44.     For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Kimberly Wildt, demands judgment from the Defendant for the following:

A.     Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plan;

B.     A declaration of Plaintiff's continued eligibility for all LTDI benefits under the Plan;

C.     Prejudgment interest;

D.     Reasonable attorney's fees and costs related to the action; and

E.     Such other and further relief that the Court deems just and equitable.

Dated: April 1, 2020.

                            **HAWKS QUINDEL, S.C.**

                By:    */s/ Danielle M. Schroder*
                      Danielle M. Schroder, State Bar No. 1079870
                      Email: dschroder@hq-law.com
                      Jessa L. Victor, State Bar No. 1099144
                      Email: jvictor@hq-law.com
                      409 East Main Street
                      P.O. Box 2155
                      Madison, Wisconsin 53701-2155
                      Telephone: 608/257-0040
                      Facsimile: 608/256-0236

                      Attorneys for Plaintiff, Kimberly Wildt